STATE OF MAINE                                    SUPERIOR COURT
                                                   CIVIL ACTION
YORK, ss.                                          DOCKET NO.   CV-12-205
                                                   Jcil - y cR - 6/25/2013


MARC NADEAU,

              Plaintiff


v.                               **JUDGMENT**


JOHN HABAS,

              Defendant


This matter was heard for trial on June 19, 2013.   The parties were present along with counsel.   Plaintiff was represented by Matthew W. Howell, Esq. and Defendant was represented by Stephen A. Bell, Esq.

The Court heard testimony from Marc Nadeau and has carefully considered the arguments made regarding the existence of any oral contract and any claimed damages.

The Court concludes that Mr. Nadeau and Mr. Habas formed an enforceable oral contract to renovate the basement apartment owned by Mr. Nadeau at 12 School Street in Ogunquit, Maine.

The agreement between Nr. Nadeau and Mr. Habas reflected upon the scope of the work to be performed, its location and timeframe.   The parties further discussed the likely cost of the work and that it was to be billed on a time and materials basis.

The Court concludes that these discussions went beyond preliminary negotiations and became an agreement to perform the work.   This was consistent with prior oral contracts for other work done by Mr. Habas for Mr. Nadeau.   Mr. Habas also requested an extension of the starting time for the project and actually began some site

inspection work. His rationale for not completing the work was not that there was no agreement, but due to a falling out between Mr. Nadeau and Mr. Bigbee.

A lack of specificity as to all contract terms does not necessarily indicate the parties did not intend a contract, particularly when a course of prior dealing has been established. See e.g. *Blue Rock Industries v. Raymond International, Inc.*, 325 A.2d 66, 75-76 (Me. 1974).

The key issue is whether the parties intended an agreement and whether there are specific enough terms to set out a remedy. As stated earlier, the parties agreed upon the work location, the scope of the interior remodel, and the need for completion before tourist season and historically had the job price determined by time and materials. The Court concludes an enforceable oral contract existed and was breached by the Defendant.

On the issue of water damage, the Court concludes Mr. Nadeau was credible in his assertion that the scope of the remodel would have necessarily included any water damage revealed upon inspection.

The Court concludes that the historical rental value for the summer on this basement apartment was between $5,000 to $8,000 per summer. The Court also concludes that with a renovated apartment and the fact that a previous renter had elected not to come back, that Mr. Nadeau could have earned the "up to $1,000" weekly figure set out in his testimony. This is consistent with the higher end of historic rents. The Court concludes his rental damages to be $8,000.

The Plaintiff further claims damages for breach of the Maine's Home Construction Act and Maine's Unfair Trade Practices Act. These violations are statutorily tied together and focus on the failure to provide a written contract. A

2

violation of the Maine's Home Construction Act[1] creates a presumption of violation of the Unfair Trade Practices Act.

5 M.R.S.A. §207 declares unlawful unfair or deceptive practices in the conduct of a trade. The Maine Home Construction Act indicates that the failure to provide a written contract by the contractor creates a presumption of an unfair or deceptive business practice.

In this case however, there is no claim there was an attempt by Mr. Habas to somehow unfairly enrich himself by the absence of specific contract terms designed to protect a homeowner. These parties had historically done business without the benefit of written contracts in the past without complaint.

The purpose of this work was to improve the capacity for commercial gain through rental income. Mr. Nadeau was a sophisticated consumer with a professional design background with experience in dealing with contractors and had never requested a written contract previously. While the Court has concluded a breach of contract occurred, the Court cannot conclude that even with the benefit of the presumption that the Defendant engaged in deceptive or unfair trade practices. An evaluation of Mr. Nadeau's professional experience in this area, the history of dealings between the parties, and the lack of any evidence of intent to take advantage by the Defendant, leads the Court to conclude the presumption has been overcome by the evidence.

Accordingly, the Court enters judgment as follows:

1.      On Count I of the complaint, judgment for the Plaintiff in the amount of $8,000, plus applicable interest and court costs.

---

[1]      The residence in question was not the Plaintiff's home, but rather a residence rented for income purposes. The Act in several places refers to homeowners and lessees and it is unclear whether it's protection apply in this circumstance especially given the property used for business exception, see e.g. 10 M.R.S.A. §5 (business purpose) and 10 M.R.S.A. §1487 (homeowners/lessees).

2. On Counts II and III, judgment for the Defendant.

The clerk may incorporate by reference.

Dated:     June 25 , 2013

_____
John H. O'Neil, Jr.
Justice, Superior Court

4

ATTORNEY FOR PLAINTIFF:
MATTHEW HOWELL
CLARK & HOWELL
PO BOX 545
YORK ME  03909


ATTORNEY FOR DEFENDANT:
STEPHEN BELL
MUNDHENK & BELL LLC
PO BOX 792
PORTLAND ME  04104